## EDWARD CAMPBELL *v.* H. HACKFELD & CO., LTD., a corporation.

### DECIDED: OCTOBER 21, 1902.

1. Where the jurisdiction of the United States District Court in admiralty was invoked in an action for damages on the ground that the injuries were sustained on board a vessel lying in the port of Honolulu by a stevedore in unloading a cargo from said vessel; and where it appeared from the allegations of the libel that the injury was the result of the negligence of a fellow stevedore, and damages are claimed against the defendant, who was engaged with its own employes alone in unloading the ship; the said libel in express terms alleging "that the persons who were engaged in the unloading of the said bark 'Aeolus' were all employes of the said defendant, and not members of the crew or employes of the said bark 'Aeolus,' and not fellow-servants of any capacity with any of the employes of the said bark 'Aeolus' "—on an exception filed to said libel on the ground that the relation between the parties to the action is such that admiralty has no jurisdiction over the subject, *Held:* When a tort of the character set up in the libel results directly from the conduct of a fellow stevedore, and the ship and its officers and men are distinctly exonerated from any blame in the matter by the allegations of the libel, and the libellant being so injured by a fellow stevedore while carrying out a contract of hiring with a "boss" stevedore, the mere fact that a ship may be incidentally connected with the tort would not make the latter a maritime one, or bring it within the admiralty jurisdiction of this court.
2. Jurisdiction in a case like the one at bar does not depend alone upon the locality where the injury was inflicted, but rather upon all of the facts of the case, including the locality. That is to say, it must occur upon the vessel on the high seas or in the tidewaters, and arise out of some privity between the injured man and the officers or owners of the ship. No such condition is shown to exist by the libel in this case. The exception is therefore sustained and the libel dismissed.

### IN ADMIRALTY. EXCEPTIONS TO LIBEL.

*Philip Farley,* proctor for libellant.
*Kinney, Ballou & McClanahan,* proctors for libellee.

ESTEE, J.   Exception is taken to the jurisdiction of the court in this case upon the facts as shown by the libel filed by the plaintiff herein.

Practically the facts appearing upon the face of the libel are as follows:

That the plaintiff was a stevedore; that the defendant was a corporation organized under the law, and is engaged in loading and unloading vessels and ships of all kinds, among them that certain Norwegian bark, the "Aeolus." That on the 26th day of July, 1902, or thereabouts, the plaintiff as such stevedore, was engaged to help unload the said bark by the said defendant. The said bark was then lying in the port and harbor of Honolulu in this district, in navigable waters of the United States; that while so engaged in unloading said bark, "Aeolus," and while on board of said vessel, to-wit: in the hold thereof, the plaintiff received the injury complained of in said libel. That this injury was caused by the carelessness and negligence of the defendant and its employes. The plaintiff especially exonorates the ship and its master and crew by alleging the following:

"That the persons who were engaged in the unloading of the said bark, 'Aeolus,' were all employes of the said defendant, and not members of the crew, or employes of the said bark, 'Aeolus,' and not fellow servants of any capacity with any of the employes of the said bark, 'Aeolus.'"

To this libel, exception is taken to the jurisdiction of the court on two grounds:

1.   That the relation between the parties to the action is such that admiralty has no jurisdiction over the subject matter of the cause, for the reason that the parties to the tort are not within the admiralty jurisdiction of the court.

2.   That the final consummation of the tort took place without the jurisdiction of this court, upon dry land.

For the purpose of deciding this exception or demurrer, I do not deem it necessary to consider the second point relied upon by counsel, as the facts composing the tort complained of in this case (as shown on the face of the libel) are not such as

would bring them within the rule of law relied upon by counsel in that point.

As to the first point made by counsel, I am inclined to think it is well taken. It is true I have been unable to find, after careful search, any case of a similar nature, nor has counsel called my attention to any such case. That is, where the action of the stevedore injured has been brought against a so-called "boss" stevedore, with whom he contracted. The books are full of cases in the admiralty courts, of actions for torts of a nature somewhat akin to the one at bar, but where the injury claimed is the result of the alleged fault of the officers or owners of the ship, and the officers or owners of the ship, or the ship itself are sued or where the party injured and claiming relief is a member of the crew. In all of such cases, the jurisdiction was necessarily sustained, or rather unquestioned.

It is true that the case of *Herman v. Port Blakely Mill Co.,* reported in 69 Fed. Rep 646, would seem to be somewhat opposed to this point of view. But that was a case of a suit against a mill company for an injury occurring on board a vessel, the plaintiff being an officer of the vessel and injured while acting with the other members of the crew in loading lumber into its hold. And in that case, while jurisdictional questions were raised and decided in favor of libellant, yet the vital question raised in this case was not one of them. There the question turned upon whether the injury originated on the vessel or on land, a point in this case that I consider of no importance, from the point of view of the facts alleged on the face of the bill. And again in that case it appeared affirmatively, that defendant caused the accident by sending lumber down the chute into the hold of the vessel, without giving the proper warnings, the parties stowing the lumber away, including the party injured, being the officers and crew of the vessel. In this case there was no privity of contract between this libellant and any officer or owner of the vessel. The injury is expressly stated to have been done by a fellow stevedore.

When a tort of the character set up in the libel herein results directly from the conduct of a fellow stevedore, and the

ship and its officers and men are distinctly exonerated from any blame in the matter by the allegations of the libel, and the libellant being so injured by a fellow stevedore while carrying out a contract of hiring with a "boss" stevedore, it does not seem to me that the mere fact that a ship may be incidentaly connected with the tort would make the latter a maritime one, and bring it within the admiralty jurisdiction.

It is true, the broad rule is laid down in the admiralty text books, that in torts, the test of the jurisdiction is the location; yet, as I have before stated, I have been unable to find an adjudication upon the exact question raised here, a somewhat negative authority, it is true, but Benedict in his work on Admiralty (third edition) Section 308, recognizes the possibility of such cases and questions the jurisdiction of the admiralty courts therein, using the following language:

"It may, however, be doubted whether the civil jurisdiction in cases of torts, does not depend upon the relation of the parties to a ship or vessel, embracing only those tortious violations of maritime right and duty which occur in vessels to which the admiralty jurisdiction in cases of contract applies......"

I am, therefore, of opinion that the question of jurisdiction in a case like the one at bar does not depend alone upon the locality where the injury was inflicted, but rather upon all the facts of the case, including the locality; that is to say, it must occur upon the vessel on the high seas or in the tide waters and arise out of some privity between the party injured and the officers of owners of the ship. No such condition is shown to exist by the libel in this case. The exception is therefore sustained. Let the libel be dismissed without prejudice.